JOSEPH BARTON AND ANOTHER, APPELLANTS, *v.* ANTONY SPEIS AND ANOTHER, RESPONDENTS.

*Improper joinder of causes of action — against maker and guarantor of note — demurrer.*

Where the maker and guarantor of a promissory note are joined as defendants in an action thereon, the complaint setting out in a single count a good cause of action against each, a separate demurrer by each defendant, on the ground of an improper joinder of causes of action, is proper and should be allowed.

APPEAL from an order made at the Special Term, sustaining demurrers to the complaint, and granting leave to plaintiffs to amend.

The complaint, after alleging that the defendant Antony Speis

made the note in suit to the order of his wife, and delivered the same to her, alleged that she "thereupon duly indorsed the said note in the following words: 'For value received, I hereby guarantee payment of the within note, and hereby, for value, dedicate and set apart my real and personal estate for the payment thereof. Mrs. Mary Speis, Buffalo, N. Y.;' and assigned and transferred such note to the plaintiff."

The defendants demurred separately, on the ground of an improper joinder of causes of action. The following is the opinion of HARDIN, J., at Special Term.

HARDIN, J.:

All the essentials to make out a good cause of action against the maker are found in the complaint, and all the essentials to make out a good cause of action against Mary, as guarantor, are found in the complaint. Two separate causes of action are stated, arising upon separate "instruments or obligations." As the instruments are separate, the complaint is not authorized by section 120 of the Code. The undertaking of Mary is not that of an indorser, which is a conditional one, but of a guarantor, which is absolute and unconditional. (*Allen* v. *Rightmere*, 20 John., 364; *Brewster* v. *Silence*, 4 Seld., 207; *Allen* v. *Fosgate*, 11 How. Pr., 218; *De Ridder* v. *Schermerhorn*, 10 Barb., 638; *Hier* v. *Staples*, 51 N. Y., 136; *Draper* v. *Snow*, 20 id., 331; *Henderson* v. *Marvin*, 31 Barb., 297.) Nor can this joinder be upheld under the statute of 1832, which authorizes all persons liable as makers, indorsers or acceptors of a promissory note, to be joined in the same action. That statute does not, in terms, include a guarantor of a promissory note. (*De Ridder* v. *Schermerhorn, supra*.) Section 144 of the Code authorizes a demurrer when several causes of action have been improperly united. The demurrers interposed here clearly specify the grounds thereof. In *Cheney* v. *Fisk* (22 How., 239), the specification was imperfect according to the opinion of WELLS, J., and that case was also disposed of, chiefly upon other questions than the one arising here. The case of *Henderson* v. *Jackson* (9 Abb. [N. S.], 295), cited by the learned counsel of the plaintiffs, was decided by the Superior Court of New York, and by a divided court, and is opposed to several of the cases in this court,

quoted *supra*, and to the rule stated in 51 New York, 136. Section 167 of the Code provides for the union of several causes of action, but declares that they "must affect all the parties to the action." Certainly the causes of action set out in the complaint here do not affect all the parties. The one against the maker does not affect the guarantor, and *vice versa*. They are as independent as though upon separate notes; one made by one defendant, and the other by the other defendant. The allegations of the guarantee were not essential to a complete and perfect cause of action against the maker. The plaintiffs could maintain separate actions, and they are not entitled to maintain a joint action upon separate instruments. The demurrers are well taken and must be sustained, and with leave to the plaintiffs to amend upon payment of costs. The defendants will serve a copy of this opinion, and then may enter the proper order.

*Hunt & Weaver*, for the appellants.

*W. C. Ruger*, for the respondents.

MULLIN, P. J.:

This action is brought against the defendants, the one as maker, and the other, the wife, as guarantor of said note. The defendants demur separately, because of the improper joinder of two independent causes of action. The demurrers were allowed, and leave given to the plaintiff to amend. The order of the Special Term was right, for the reason stated in the opinion of HARDIN, J., and must be affirmed. We are referred to cases in support of the proposition that a demurrer will not lie to a complaint for joining in the same count two distinct causes of action. The complaint can only be demurred to for an improper joinder of causes of action when they are set out in separate counts. When they are contained in a single count, the remedy of the defendant is by motion. (*Cheney* v. *Fisk*, 22 How., 236, so holds.) In this case, there is not a joinder in one count of two causes of action, but each cause of action is against one of the defendants only. What remedy can defendants get by motion in such a case? If the husband was to have the suit dismissed as to him, or, what is the same thing, the cause of action

against him stricken out, the plaintiff might say he was the party primarily liable, as he is the one who is most able to pay the debt, and he ought not to be turned over to a less certain liability against the wife. If the wife moved, plaintiff might say that she was the only one who had the ability to answer over in damages, and he ought not to be turned over to a party less able to pay. There being no joint liability, no joint motion can be made. There being a misjoinder of causes of action, the case seems to be a proper one for a demurrer.

Order of the Special Term affirmed, with leave to plaintiffs to amend on payment of the costs of the demurrer.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Order affirmed.